IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | |
|---|---|
| MARK STEPHEN JACKLEY, §<br>Plaintiff, § | |
| §<br>§ | |
| vs. § | CIVIL ACTION NO_____ |
| § | SA08CA0211OG |
| CITY OF LIVE OAK, TEXAS; and §<br>MATTHEW SMITH, Individually §<br>Defendants. § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF MARK STEPHEN JACKLEY, by and through his undersigned attorneys of record, and, in accordance with the Federal Rules of Civil Procedure, files this, his Original Complaint, against DEFENDANTS CITY OF LIVE OAK, and MATTHEW SMITH, Individually. For cause of action, Plaintiff would show unto the Court the following:

### I.
### THE PARTIES

1.  Plaintiff is a male citizen of the United States and a Texas resident living at 27874 Smithson Valley Road, San Antonio, Texas 78261.

2.  Defendant City of Live Oak, Texas (hereinafter "Live Oak") is a Texas municipality operating as a political subdivision pursuant to the laws of the State of Texas and can be served with summons upon Mayor Henry O. Edwards, Jr., 8001 Shin Oak Drive, Live Oak, Texas 78233.

3.  Live Oak, at all relevant times hereto, was Plaintiff's employer as defined by and within the meaning of State and Federal Law.

4. Defendant Matthew Smith (hereinafter "Smith") is an individual employed as the City Manager of Live Oak, Texas and can be served with summons at his place of business, City of Live Oak, 8001 Shin Oak Drive, Live Oak, Texas 78233.

## II.
## JURISDICTION AND VENUE

5. On or about January 10, 2008, Plaintiff filed a formal criminal complaint with the Bexar County District Attorney's Office and pursuant to the Texas Public Information Act about missing documents from his personnel file. He specifically filed a criminal complaint against Live Oak and Zech because he believed, in good faith, that they had tampered with or altered his personnel file.[1]

6. On or about January 11, 2008, Plaintiff, by and through his undersigned counsel, filed an informal criminal complaint with the Texas Attorney General regarding possible criminal violations of the Texas Public Information Act committed by Live Oak and Zech and based on the same reasons.[2]

7. On January 17, 2008, after learning of Plaintiff's informal criminal complaint to the Attorney General's Office and his formal criminal complaint to the Bexar County District Attorney's Office, Live Oak and Smith, acting in concert and conspiracy with Zech, terminated Plaintiff's employment.[3]

8. By filing an informal criminal complaint and a formal criminal complaint against Live Oak and Zech, Plaintiff reported, in good faith, violations of law by Live Oak and Zech to

---

[1] A copy of the affidavit Plaintiff filed with the Bexar County District Attorney's Office in support of his criminal complaint is annexed to Plaintiff's Original Complaint as Exhibit P-1 and is incorporated by reference as if fully set forth herein.

[2] A copy of Plaintiff's informal complaint is annexed to Plaintiff's Original Complaint as Exhibit P-2 and is incorporated by reference as if fully set forth herein.

[3] A copy of Defendants' termination letter presented to Plaintiff is annexed to Plaintiff's Original Complaint as Exhibit 3

appropriate law enforcement agencies and invoked the protections of the Texas Anti-Retaliation law. Defendants terminated Plaintiff in retaliation for these reports. Plaintiff has exhausted all administrative remedies required by the Texas Government Code prior to the filing of this Complaint.

9. Plaintiff asserts claims against Defendants for violations of the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. §1985 and violations of the Texas anti-retaliation laws and other state and common law rights thereby invoking the jurisdiction of this Court. Plaintiff has also filed a charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") alleging age discrimination. He has not received a Dismissal and Notice of Right. Plaintiff has, therefore, invoked the federal question jurisdiction of their court pursuant to 28 U.S.C. § 1331.

10. Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the Western District of Texas.

### III.
### STATEMENT OF FACTS

11. Plaintiff was employed with Live Oak for over thirty-one years as a peace officer. During this long term, he served as Interim City Manager for a one year period and Chief of Police for 28 years. During this time, he received numerous promotions, raises and commendations. Plaintiff was originally hired by Live Oak as a patrolman in Live Oak's Police Department (hereinafter "LOPD") on June 17, 1976. In 1977, Live Oak quickly promoted Plaintiff to the position of Corporal. In 1978, Live Oak again promoted Plaintiff to the position of Sergeant. After two years as a Sergeant, in 1980, Live Oak promoted Plaintiff to Lieutenant. In five short years,

---

and is incorporated by reference as if fully set forth herein.

Plaintiff's hard work and dedication to Live Oak resulted in his being named the Chief of Police for the LOPD in 1981. Plaintiff's duties as Chief of Police for the LOPD consisted of the supervision of fifty or more personnel consisting of regular duty officers, reserve officers, dispatchers and civilian clerks. During Plaintiff's tenure with Live Oak, his performance evaluations were consistently above average and exceeded expectations. Plaintiff remained in that position for 28 years until Smith terminated him on January 17, 2008.

12. In January 2007, Smith was appointed as the new City Manager for Live Oak and became Plaintiff's immediate supervisor. Shortly thereafter, in March of 2007, Plaintiff initiated a criminal investigation regarding a business transaction between Live Oak, the City Engineer, and a street contractor. In furtherance of the criminal investigation, Plaintiff directed LOPD personnel to present evidence to the Bexar County District Attorney's Office for possible criminal prosecution. Displeased with Plaintiff's investigation, Smith ordered Plaintiff to cease his inquiry into the matter. Plaintiff complied with Smith's request, but feared retaliation from Smith. From that point on, Smith treated Plaintiff differently.

13. On or about October 9, 2007, Plaintiff arrived early at the LOPD, like any other day. He had brought his Live Oak-issued laptop from his home with the intent of modernizing and updating its operation. Plaintiff infrequently used the laptop and, if so, he used it for purely personal use at home. Plaintiff maintained a completely separate desktop computer to conduct his day-to-day job duties and responsibilities in his capacity as Chief of Police. Plaintiff knew that LOPD Officer Kent Iglesias (hereinafter "Iglesias") possessed extensive knowledge of computers. During that morning, Plaintiff summoned Iglesias to his office. Plaintiff specifically wanted to remove old and personal electronic mail from his laptop so that he could select and set up a new electronic mail carrier. These electronic mail messages were of a purely personal nature between Plaintiff, his

4

family, friends and acquaintances, and at no time contained official or business communication involving LOPD. Plaintiff's desk top computer located in his LOPD office contained all official electronic mail messages that Plaintiff would have sent or received in his capacity as Chief of Police. At no time did Plaintiff ever ask, suggest, or request that Iglesias erase or manipulate the laptop's hard drive, or the hard-drive of any other computer.

14. On or about October 10, 2007, and after a brief meeting, Smith seized Plaintiff's laptop and placed Plaintiff on paid administrative leave pending the outcome of an investigation. Smith suspended Plaintiff because of "...circumstances which if true, may establish misconduct on your part."[4] Smith failed to present Plaintiff with a sworn complaint and failed to inform Plaintiff of the identity of the person making the complaint. Further, Smith's memo contained a nebulous references to "misconduct" and failing to provide Plaintiff with express notice of the specific misconduct for which he was being accused. Smith and Zech then referred the matter to the Bexar County District Attorney's Office and further requested that law enforcement authorities perform a complete criminal forensic audit on Plaintiff's laptop computer. The forensic auditor found no wrongdoing on behalf of Plaintiff.[5] Because of the fact that Zech and Smith had reported Plaintiff to the Bexar County District Attorney's Office and tendered his laptop computer for a criminal forensic analysis, Plaintiff possessed a subjective and objective belief that he was the subject and/or target of a criminal investigation initiated at the behest of Zech and Smith.

15. After over two months of being on administrative leave and waiting in limbo, Smith

---

[4] A copy of the Smith's letter placing Plaintiff on administrative leave is annexed to Plaintiff's Original Complaint as Exhibit P-4 and is incorporated by reference as if fully set forth herein.

[5] A copy of the findings of the Bexar County District Attorney's Office is annexed to Plaintiff's Original Complaint as Exhibit P-5 and is incorporated by reference as if fully set forth herein.

ordered Plaintiff to appear at the LOPD and answer questions posed by a private investigator regarding the content of his laptop computer. At no time prior to this request had Smith notified Plaintiff that he had committed any policy or rule infraction nor had Smith notified Plaintiff that his laptop had been referred to the Bexar County District Attorney's Office for criminal investigation. On or about December 11, 2007, Plaintiff retained the undersigned counsel and notice of such representation was forwarded to Live Oak. Additionally, on that same date, Plaintiff forwarded to Live Oak a request for public information pursuant to TEX. GOV'T CODE ANN. §552.001, et. seq., otherwise known as the Texas Public Information Act, seeking his personnel file; documents describing or summarizing events or allegations made against him; witness statements obtained by city administrators or law enforcement personnel; investigative notes, logs, or diaries created or maintained by city administrators or law enforcement personnel; photographs, audio, or video recordings of any events made the basis of this claims against Plaintiff; and Live Oak's personnel policy, inclusive of the grievance policy.[6]

16.     The next day, on or about December 12, 2007, Plaintiff forwarded correspondence to Live Oak invoking his constitutional rights as provided by the United States Supreme Court in Garrity v. New Jersey, 385 U.S. 493 (1967), otherwise known as "the Garrity Rule" or a "Garrity Warning."[7] Under the Garrity Rule, a law enforcement officer has the right to be free from compulsory self-incrimination and may not be compelled to give statements under threat of discipline or discharge without being assured his statements will not be used to prosecute him. Because Plaintiff was aware that he was under criminal investigation, he invoked the Garrity Rule. On or about December 13, 2007, Live Oak, through Zech, summarily denied Plaintiff's request for a

---

[6] A copy of the letter of representation and request for public information is annexed to Plaintiff's Original Complaint as Exhibit P-6 and is incorporated by reference as if fully set forth herein.

6

Garrity Warning and informed Plaintiff that he could not refuse to answer questions specific to the performance of his job or refuse to cooperate in the investigation without risking discipline or discharge.[8] Zech was attempting to break the Garrity Rule by forcing Plaintiff to answer questions passed by a private investigator under threat of discipline or discharge, conduct specifically prohibited by the United States Supreme Court.

17. On or about December 13, 2007, Live Oak responded to Plaintiff's request for public information and provided him what was purported to be his complete personnel file, with other documents responsive to his original request.[9] In reviewing his personnel file, Plaintiff realized that Smith's letter placing Plaintiff on administrative leave was missing from Plaintiff's personnel file. As such, on December 19, 2007, and again on January 2, 2008, Plaintiff communicated his concerns regarding the missing information to Live Oak and requested an explanation for why the document was missing and if other documents were missing from Plaintiff's personnel file.[10]

18. On or about December 20, 2007, Plaintiff forwarded a formal grievance regarding his suspension and Zech's refusal to obey the Garrity Rule.[11] On or about December 26, 2007, Live Oak denied Plaintiff's request for a grievance, but finally acquiesced to Plaintiff's request for a Garrity Warning.[12] Live Oak capitulated to Plaintiff's request only after he engaged in protected conduct, opposed unlawful conduct, and filed a grievance.

---

[7] A copy of Plaintiff's invocation of the Garrity rule is annexed to Plaintiff's Original Complaint as Exhibit P-7 and is incorporated by reference as if fully set forth herein.

[8] A copy of Zech's letter denying Plaintiff his *Garrity* rights is annexed to Plaintiff's Original Complaint as Exhibit P-8 and is incorporated by reference as if fully set forth herein.

[9] A copy of Live Oak's response to Plaintiff's request for public information is annexed to Plaintiff's Original Complaint as Exhibit P-9 and is incorporated by reference as if fully set forth herein.

[10] A copy of the facsimiles are annexed to Plaintiff's Original Complaint as Exhibit P-10 and are incorporated by reference as if fully set forth herein.

[11] A copy of Plaintiff's formal grievance is annexed to Plaintiff's Original Complaint as Exhibit P-11 and is incorporated by reference as if fully set forth herein.

[12] A copy of Live Oak's letter denying Plaintiff's grievance is annexed to Plaintiff's Original Complaint as Exhibit P-12

19. On or about December 28, 2007, Plaintiff appealed Live Oak's denial of his grievance to Live Oak's City Council, and further requested a name-clearing hearing from Live Oak.[13] On or about January 7, 2008, Plaintiff again (now his third request to Live Oak) asked Live Oak to clarify its response to his request for public information concerning the missing document(s) and the condition of his file.[14] On or about January 8, 2008, Live Oak responded to Plaintiff and refused to give Plaintiff an explanation for the missing documents from his personnel file.[15] On or about January 9, 2008, Live Oak informed Plaintiff that his appeal was denied.[16]

20. On or about January 10, 2008, Plaintiff, troubled by Zech's suspicious silence sand apparent refusal to provide any explanation, filed a formal criminal complaint against Live Oak and Zech with the Bexar County District Attorney's Office regarding the missing documents from his personnel file and Live Oak and Zech's failure to provide an explanation for same. On or about January 11, 2008, Plaintiff filed an informal criminal complaint with the Texas Attorney General regarding possible violations of the Texas Public Information Act by Live Oak and Zech, because Live Oak and Zech refused to provide Plaintiff with his entire personnel file. Plaintiff informed Live Oak and Zech that he filed the informal complaint on the same date.

21. After learning of Plaintiff's informal criminal complaint to the Attorney General's Office and his formal criminal complaint to the Bexar County District Attorney's Office, Smith and Zech set a meeting with Plaintiff at Zech's office on January 17, 2008. Smith and Zech conspired to

---

and is incorporated by reference as if fully set forth herein.

[13] A copy of Plaintiff's appeal is annexed to Plaintiff's Original Complaint as Exhibit P-13 and is incorporated by reference as if fully set forth herein.

[14] A copy of Plaintiff's third request for clarification is annexed to Plaintiff's Original Complaint as Exhibit P-14 and is incorporated by reference as if fully set forth herein.

[15] A copy of Live Oak's letter denying Plaintiff's request for clarification concerning his personnel file is annexed to Plaintiff's Original Complaint as Exhibit P-15 and is incorporated by reference as if fully set forth herein.

[16] A copy of Live Oak's letter denying Plaintiff's appeal of his grievance is annexed to Plaintiff's Original Complaint as Exhibit P-16 and is incorporated by reference as if fully set forth herein.

terminate Plaintiff for alleged "...actions inconsistent with the type of teamwork necessary for moving the city forward and the character traits that the Chief of Police for Live Oak should possess." Plaintiff alleges that Live Oak, Smith and Zech conspired to terminate him in retaliation for his invocation of the Garrity Rule, filing grievances, and reporting possible violations of the Texas Public Information Act by Live Oak and Zech.

## IV.
### -COUNT ONE-
### VIOLATIONS OF THE UNITED STATES CONSTITUTION

22. By and through his Original Complaint, Plaintiff pleads that Defendants, as a direct and proximate result of the fact that Plaintiff opposed practices made unlawful by the United States Constitution commenced a campaign of retaliation against him.

23. More specifically, Plaintiff opposed practices made unlawful by the United States Constitution in that he invoked the Garrity Rule and filed grievances with Live Oak regarding Zech's refusal to abide by the Garrity Rule. Plaintiff's complaints and opposition were based upon his subjectively and objectively reasonable belief that Defendants were trying to coerce him to offer possibly incriminating statements under penalty of discipline or discharge.

## V.
### -COUNT TWO-
### VIOLATIONS OF 42 U.S.C. §1983

24. By and through his Original Complaint, Plaintiff pleads that Defendants, under color of statute, ordinance, regulation, custom, or usage, subjected, or caused to be subjected, Plaintiff to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws.

25. By and through his Original Complaint, Plaintiff pleads that Live Oak, through its employees, agents, and representatives, implemented and enforced a custom, policy statement,

ordinance, regulation, or decision that deprived him of his civil rights. More specifically, Defendants violated Plaintiff's civil rights in that they retaliated against him because he invoked the <u>Garrity</u> Rule and filed grievances with Live Oak regarding Zech's refusal to abide by the <u>Garrity</u> Rule.

26. By and through his Original Complaint and pleading in the alternative, Plaintiff pleads that Live Oak maintains a persistent, widespread practice by city officials or employees that, although not authorized by officially adopted and promulgated policy, was so common and well settled that it constituted a custom and fairly represented municipal policy and that such persistent and widespread practice deprived him of his civil rights.

27. By and through his Original Complaint and pleading in the alternative, Plaintiff pleads that Defendants actions violated his Fifth Amendment rights when he invoked his privilege against self-incrimination and his Fourteenth Amendment substantive due process right to be free from coercive questioning. Plaintiff's employment was threatened if he did not acquiesce and he was discharged for invoking these rights.

## VI.
### -COUNT THREE-
### <u>VIOLATIONS OF 42 U.S.C. §1985</u>

28. By and through his Original Complaint Plaintiff pleads that Defendants, jointly and severally, conspired for the purpose of depriving, either directly or indirectly, Plaintiff of the equal protection of law, or of equal privileges and immunities under law, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the law. As a result of the conspiracy complained of herein, Plaintiff was injured in his person and/or property, and/or was deprived of having and exercising his rights and/or privileges as a citizen of the United States. Plaintiff seeks the recovery of damages, occasioned by such injury or deprivation, against any one or more of the

conspirators.

29. By and through his Original Complaint, Plaintiff pleads that Defendants furthered their illicit and illegal objectives by conspiring to attempt to deny him his <u>Garrity</u> Warning and, ultimately, terminating his employment because he invoked the <u>Garrity</u> Rule.

## VII.
### -COUNT FOUR-
### VIOLATIONS OF THE TEXAS ANTI-RETALIATION LAW

30. By and through his Original Complaint, Plaintiff pleads that he reported, in good faith, violations of law by Live Oak and Zech to appropriate law enforcement agencies and invoked the protections of the Texas Anti-Retaliation law. Defendants terminated Plaintiff in retaliation for these reports.

31. Plaintiff has exhausted all administrative remedies required by the Texas Government Code prior to the filing of this Complaint. More specifically, Plaintiff claims that, subsequent to filing his informal and formal criminal complaints, Defendants arbitrarily and capriciously terminated his employment. Plaintiff has filed this, his Original Complaint, within 90 days of the termination.

32. Plaintiff requests that the Court impose a civil penalty upon Smith in an amount not to exceed $15,000.00.

## VIII.
### -COUNT FIVE-
### VIOLATIONS OF THE TEXAS LOCAL GOVERNMENT CODE

33. By and through his Original Complaint, Plaintiff pleads that Defendants violated the Texas Local Government Code and Texas Government Code. More specifically, Plaintiff pleads that Defendants terminated Plaintiff without providing him notice of any complaint made against him in writing and signed by the person making the complaint. Moreover, Plaintiff pleads that Defendants

terminated Plaintiff over 90 days after he was placed on administrative leave and that Defendants failed to ever provide him written notice of the specific complaint made against him.

## IX.
## DAMAGES

34. By and through his Original Complaint, Plaintiff pleads that Defendants, and its agents, employees and representatives, have caused him grievous harm and damages. As a direct and proximate result of its violations of Texas law, Defendants has caused Plaintiff to suffer lost past and future wages and other employment benefits in an amount to be determined at inquest.

35. By and through his Original Complaint, Plaintiff pleads that Defendants have caused him to suffer acute mental anguish. Plaintiff will, in all likelihood and for the balance of his life, continue to suffer mental anguish. As such, Plaintiff is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

36. By and through his Original Complaint, Plaintiff pleads that Defendants violated his legal rights with malice or reckless indifference. As such, Plaintiff is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

37. Plaintiff was forced to secure the undersigned counsel to protect his rights guaranteed by the state and federal law and, therefore, requests an award of attorney's fees.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF MARK STEPHEN JACKLEY prays that, upon final trial on the merits, he recover judgment against DEFENDANT CITY OF LIVE OAK, and DEFENDANT MATT SMITH; said judgment entitling Plaintiff to:

1. Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

2. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

3. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4. All taxable costs of court expended in this lawsuit;

5. Reasonable and necessary attorney's fees;

6. A mandatory injunction reinstating Plaintiff to full employment, with all pertinent employment benefits and perquisites, retroactive to January 17, 2008;

7. A mandatory and injunction enjoining Defendant from violating rights secured by state and federal law; and

8. Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.

                                        Respectfully submitted,

                                        GALE, WILSON & SÁNCHEZ, P.L.L.C.
                                        CHRISTOPHER JOHN GALE, ESQ.
                                        MARK ANTHONY SÁNCHEZ, ESQ.
                                        115 East Travis Street, 19th Floor
                                        San Antonio, Texas 78205
                                        (210) 222-8899
                                        (210) 222-9526 (Telecopier)
                                        ATTORNEYS FOR PLAINTIFF

                            By: _____
                                        CHRISTOPHER J. GALE, ESQ.
                                        TEXAS STATE BAR NO. 00793766
                                        MARK ANTHONY SÁNCHEZ, ESQ.
                                        TEXAS STATE BAR NO. 00795857